# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUNIOR HOLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-14-308-F |
| ) | |
| REECE LANE et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

On March 28, 2014, Plaintiff Junior Holman, appearing pro se, brought this action under 42 U.S.C. § 1983, alleging violations of his federal constitutional rights while incarcerated at the Payne County Jail in Stillwater, Oklahoma, and the Blaine County Jail in Watonga, Oklahoma (Doc. No. 1). Concurrently with his Complaint, Mr. Holman filed a motion for leave to proceed *in forma pauperis* (Doc. No. 3), which was granted on April 2, 2014, without requiring Mr. Holman to pay an initial partial filing fee (Doc. No. 5). To date, Mr. Holman has not filed any further documents in this action or paid any portion of the filing fee.

On May 5, 2014, a copy of an order from this Court (Doc. No. 6) was mailed to Mr. Holman at the address he had provided (at the Payne County Jail) to the Court. On May 15, 2014, the order was returned as undeliverable. *See* Doc. Nos. 7, 7-1. Thus, it became apparent that Mr. Holman's provided address was no longer valid.

On June 9, 2014, the Court ordered Mr. Holman to show cause by July 9, 2014, as to why his action should not be dismissed for failure to comply with Local Civil Rule

5.4(a), which requires a pro se litigant to notify the Court of any change of address. On June 23, 2014, the order mailed to Mr. Holman was returned as undeliverable. *See* Doc. Nos. 9, 9-1. To date, Mr. Holman has neither responded to the Court's order to show cause, nor filed a notice of a change of address.

A review of Payne County District Court public records indicates that Mr. Holman was released from the Payne County Jail on or about April 17, 2014, on a personal recognizance bond.[1] Similarly, a review of public records maintained by the Oklahoma Department of Corrections indicates that Mr. Holman, although previously incarcerated at the Payne County Jail, is now of "inactive" status.[2]

Thus, Mr. Holman has failed to update his address in accordance with the Court's rules, and the Court's review of public records has not revealed another address within the ODOC system at which he may be located. Although the Court has a "strong predisposition to resolve cases on their merits," it may in its discretion dismiss an action sua sponte if the plaintiff fails to prosecute the action. *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151-52 (10th Cir. 2007) (internal quotation marks omitted); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 631-33 (1962); Fed. R. Civ. P. 41(b). Given the early procedural posture of this case—e.g., no Defendants have been served with process,

---

[1] This bond was filed in the Payne County District Court on April 18, 2014, in *Oklahoma v. Holman*, No. CF-2011-464, which can be accessed by searching the State of Oklahoma's public database: http://www.oscn.net/applications/oscn/casesearch.asp.

[2] Further, although Mr. Holman's Complaint involved circumstances at the Blaine County Jail, he has not indicated that he was incarcerated there during the pendency of this lawsuit. Nevertheless, a review of the Blaine County District Court public records reflects no indication that Mr. Holman is being detained at the Blaine County Jail.

2

as the Court has not yet ordered such service—the undersigned recommends that the Court exercise its discretion to dismiss this action without prejudice based on Mr. Holman's failure to prosecute.  *See Rogers*, 502 F.3d at 1151-52.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Complaint (Doc. No. 1) be dismissed without prejudice for failure to prosecute.  *See id.*

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by August 11, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.  Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case.

ENTERED this 21st day of July, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE